UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRUCE DION JOHNSON,

    Plaintiff,

    v.   CAUSE NO. 3:22-CV-210-JD-MGG

ST. JOSEPH COUNTY JAIL, et al.,

    Defendants.

OPINION AND ORDER

    Bruce Dion Johnson, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    Mr. Johnson is a pretrial detainee at the St. Joseph County Jail. He alleges that on February 19, 2022, he was getting down from his top bunk. He claims there was no ladder so he had step on a desk. He slipped and fell because his "knee collapsed." He

was taken to an outside hospital for medical treatment, and it was determined that he had torn his rotator cuff. He filed a grievance about this incident, and Jail Warden Russell Olmstead told him that the jail does not have ladders for security reasons. However, the Warden reminded Mr. Johnson that bunks are not specifically assigned except for medical reasons, and that he was not under any obligation to use the top bunk. Warden Olmstead further noted that Mr. Johnson was assigned a bottom bunk pass after this incident due to his shoulder injury.

Based on these events, Mr. Johnson seeks monetary damages for pain and suffering, payment of his medical bills, and other relief. He sues the jail itself, St. Joseph County Sheriff William Redman, and Warden Olmstead, claiming that they violated his rights by failing to provide a ladder for him to get down from his bunk.

Because Mr. Johnson was a pretrial detainee when this incident occurred, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "[N]egligent conduct does not offend the Due Process Clause," and so allegations of negligence or even "gross negligence" do not suffice. *Id.* at 353.

To state a Fourteenth Amendment claim related to conditions of confinement, a detainee must allege that "the conditions in his cell posed an objectively serious threat to his health; that [the defendant's] response was objectively unreasonable under the circumstances; and that [the defendant] acted purposely, knowingly, or recklessly with respect to the consequences of their actions." *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Id.* (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Upon review, Mr. Johnson does not state a plausible Fourteenth Amendment claim. Although it is unfortunate he had an accident, the lack of a ladder on his bunk bed cannot be considered a condition so inherently dangerous that it violates the Constitution. Rather, his complaint reflects that he fell due to the random event of his knee collapsing.[1] The complaint further reflects that inmates are not assigned to a specific bunk, and that bottom bunk passes are available when medically necessary. Mr. Johnson does not allege that he made a specific request for a bottom bunk pass prior to the fall. The documentation he attaches also reflects that he has since been given a bottom bunk pass, and he does not allege otherwise. Under these circumstances, the

---

[1] He states that at the hospital following this incident, he learned that he had arthritis in his knee. (ECF 1 at 3.)

3

court cannot conclude that Warden Olmstead was reckless or acted in an objectively unreasonable manner. At most, Mr. Johnson alleges circumstances suggesting negligence, which is not enough to state a federal due process claim. *Miranda*, 900 F.3d at 353–54.

In addition to Warden Olmstead, he also sues the jail, but this is a building not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He also sues the Sheriff, but for a defendant to be held liable under 42 U.S.C. § 1983, he or she must have been personally involved in the violation of the plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and the Sheriff cannot be held liable simply because he oversee operations at the jail. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). A supervisory correctional official can be held liable for a constitutional violation committed by a subordinate if the violation occurred "at a defendant's direction" or with his "knowledge or consent." *Mitchell*, 895 F.3d at 498. However, there are no allegations in the complaint from which the court can plausibly infer that the Sheriff was personally involved in these events, or that he otherwise directed or condoned Mr. Johnson's fall.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has

4

already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **May 18, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on April 18, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT